# Exhibit C



**User Name:** Olivia Guarna

**Date and Time:** Wednesday, September 16, 2020 8:19:00 PM EDT

**Job Number:** 125577673

## Document (1)

1. *Anderson v. Rocky Mountain News, 1988 U.S. App. LEXIS 19304*

   **Client/Matter:** 60556.0001

   **Search Terms:** 1988 U.S. App. LEXIS 19304

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

LexisNexis | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2020 LexisNexis

Olivia Guarna

Cited
As of: September 17, 2020 12:19 AM Z

# *Anderson v. Rocky Mountain News*

United States Court of Appeals for the Tenth Circuit

July 7, 1988, Filed

No. 85-2114

**Reporter**
1988 U.S. App. LEXIS 19304 *; 15 Media L. Rep. 2058

WAYNE R. ANDERSON, Plaintiff-Appellant, v. THE ROCKY MOUNTAIN NEWS; THE DENVER PUBLISHING COMPANY; WILLIAM FLETCHER, Defendants-Appellees

**Prior History:** [*1] D.C. No. 84-A-1074; District of Colorado.

**Disposition:** AFFIRMED.

## Core Terms

summary judgment, district court, actual malice, public figure

**Overview**
Defendants, newspaper and its general manager, ran an article that described plaintiff father's custody battle for his son. Plaintiff took his son from Denver to Houston, without notifying the child's mother. After the mother obtained a writ of habeas corpus, sheriff deputies took plaintiff to a Houston courthouse, where they asked plaintiff to remain in a "holding cell" or a "room." Plaintiff later took the child again to Oklahoma. Thereafter, plaintiff appeared, in disguise, on two segments of the "Donahue" program. Defendants' article stated that plaintiff faced one to two years in prison if convicted of violating the custody agreement, and that he was jailed in Houston. Plaintiff took issue with the word "jailed" and filed a libel suit against defendants. The district court entered summary judgment in favor of defendants and plaintiff sought review. In affirming the decision, the court held that the district court correctly found that plaintiff invited media attention by appearing on the talk show segments which, regardless of his disguise, made him a public figure. Therefore, plaintiff's failure to show actual malice by defendants supported the summary judgment.

## Case Summary

**Procedural Posture**
Plaintiff father appealed a decision of the United States District Court for the District of Colorado that entered summary judgment against him and in favor of defendants, newspaper and its general manager, in his libel suit. The district court based its decision on its findings that plaintiff was a public figure and that he failed to show actual malice on the part of defendants.

**Outcome**
The court affirmed the decision and held that the district court properly found that plaintiff father was a public figure because he invited media attention by appearing on two nationally televised talk show segments concerning his custody battle. As plaintiff failed to meet his burden to prove that defendants, newspaper and its general manager, acted with actual malice, summary judgment was proper.

Olivia Guarna

# LexisNexis® Headnotes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Torts > Intentional Torts > Defamation

Civil Procedure > Appeals > Summary Judgment Review > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Appropriateness

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Legal Entitlement

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

*HN1*[ ]  **Summary Judgment, Entitlement as Matter of Law**

Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P. 56*.

Torts > ... > Defenses > Privileges > Qualified Privileges

Torts > ... > Defamation > Public Figures > Voluntary Public Figures

*HN2*[ ]  **Privileges, Qualified Privileges**

Public figures are persons who have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved. In determining whether a plaintiff in an action for libel is a public figure, a court should look to the extent of an individual's participation in the particular controversy giving rise to the defamation.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Appropriateness

Torts > Intentional Torts > Defamation > General Overview

Civil Procedure > ... > Summary Judgment > Burdens of Proof > General Overview

Civil Procedure > Judgments > Summary Judgment > Evidentiary Considerations

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

*HN3*[ ]  **Entitlement as Matter of Law, Appropriateness**

In ruling on a motion for summary judgment, a court must decide whether there is a genuine issue of material fact in the context of the applicable evidentiary standard. Thus where the factual dispute concerns actual malice, the appropriate summary judgment question will be whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not.

Civil Procedure > ... > Summary Judgment > Burdens of Proof > General Overview

Torts > ... > Defamation > Remedies > Retractions

Torts > Intentional Torts > Defamation > General Overview

**HN4**[ ] **Summary Judgment, Burdens of Proof**

A defendant's silence or failure to provide proof of lack of malice does not suffice as "proof" to withstand a motion for summary judgment. Also, a defendant's refusal to retract an allegedly libelous statement does not show malice.

Torts > Intentional Torts > Defamation > General Overview

**HN5**[ ] **Intentional Torts, Defamation**

The mere rejection of a plaintiff's version of events by a newspaper, standing alone, is not sufficient circumstantial evidence to support a reasonable jury finding that plaintiff has shown actual malice by clear and convincing evidence.

**Judges:** McKay, Moore, and Brorby, Circuit Judges.

**Opinion by:** PER CURIAM

# Opinion

ORDER AND JUDGMENT

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.8. The cause is therefore ordered submitted without oral argument.

Wayne Anderson (plaintiff) appeals the summary judgment entered against him by the United States District Court for the District of Colorado. Plaintiff brought an action for libel against the Rocky Mountain News and its alleged general manager (defendants). He based jurisdiction on diversity of citizenship.

Plaintiff's complaint arises out of an article in the News which described plaintiff's battle for custody of his minor son, Eland. Plaintiff brought a separate libel action against his ex-wife and others in *Anderson v. Cramlet, 789 F.2d 840 (10th Cir. 1986)*, in which many of the same underlying facts were litigated. Reference to that case may be useful for a more thorough understanding of the background of this case. We will state only those facts which are **[*2]** necessary for an understanding of plaintiff's current dispute with defendants.

Plaintiff initially took Eland to Houston from Denver, without notifying Ms. Cramlet, who was at that time his wife. Ms. Cramlet pursued plaintiff to Houston, where she obtained a writ of habeas corpus for Eland. Sheriff's deputies went to plaintiff's place of employment and accompanied him back to the courthouse, where they asked plaintiff to remain in what is variously described in the record on appeal as a "holding cell" or a "room."

The judge in Houston granted relief to Ms. Cramlet, who returned to Colorado. Plaintiff, however, again took the child, this time to Oklahoma. It was during this time that plaintiff contacted Phil Donahue concerning the issue of fathers' rights. Plaintiff subsequently appeared, in disguise, on two separate segments of "Donahue." These segments were incorporated into the broadcast of a nationally televised news program.

Ms. Cramlet recognized plaintiff. She sued Mr. Donahue and others in the United States District Court for the District of Colorado. Plaintiff was subsequently discovered in Oklahoma. He was arrested and later criminally charged in Colorado. The article which **[*3]** is the subject of this lawsuit appeared shortly after plaintiff's arrest.

Plaintiff's complaint centered around the following paragraph of an article published in the News on May 20, 1983: "Anderson faces one to two years in prison if he is convicted of violating the custody agreement. He was jailed in Houston once before after he had taken Eland for six months when the child was 18 months old." Plaintiff specifically took issue with the word "jailed" in the article, asserting that he was neither arrested nor jailed in Houston.

After the time set for discovery had ended, defendants moved for summary judgment arguing that (1) the statement was true; (2) the statement was substantially true; and (3) plaintiff was either a public figure or

Olivia Guarna

involved in a public controversy, but had failed to demonstrate actual malice by defendants as required under *New York Times Co. v. Sullivan, 376 U.S. 254 (1964)*.

The district court held that plaintiff was a public figure. The district court concluded that plaintiff's "briefs and affidavits provided no facts whatsoever supporting a claim of actual malice," and therefore granted summary judgment in favor of defendants. In the alternative, **[*4]** the district court noted that the article was substantially true. Because we hold that the district court was correct that plaintiff, as a public figure, failed to produce sufficient evidence that defendants acted with actual malice to withstand a motion for summary judgment, we do not reach the issue of substantial truth.

**HN1**[↑] Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56*. The defendants argued in district court that summary judgment was particularly appropriate in libel cases. On appeal, plaintiff argues that summary judgment is particularly inappropriate here where defendants' state of mind is at issue. Plaintiff's position finds support in *Hutchinson v. Proxmire, 443 U.S. 111, 120 n.9 (1979)*. *But see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)*. "Until the Supreme Court provides more explicit guidance on this issue, we will continue to apply *Rule 56* as it is written, without preference for either granting or denying summary judgment in defamation cases." *Anderson v. Cramlet, 789 F.2d at 842 n.1*. **[*5]**

**HN2**[↑] Public figures are persons who "have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Gertz v. Robert Welch, Inc., 418 U.S. 323, 345 (1974)*. In determining whether a plaintiff in an action for libel is a public figure, a court should look "to the extent of an individual's participation in the particular controversy giving rise to the defamation." *Id. at 352*. We agree with the district court that plaintiff's inviting media attention by appearing on two nationally televised talk show segments to make his views known, regardless of his disguise, made him a public figure in the context of media discussion of child snatching and fathers' rights. Plaintiff was thus required to show actual malice by defendants under *New York Times*.

**HN3**[↑] In ruling on a motion for summary judgment, a court must decide whether there is a genuine issue of material fact in the context of the applicable evidentiary standard. *Anderson v. Liberty Lobby, Inc., 477 U.S. at 252*. "Thus where the factual dispute concerns actual malice, . . . the appropriate summary judgment question **[*6]** will be whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not." *Id. at 255-56*.

Plaintiff here relied on circumstantial evidence to attempt to prove actual malice. Plaintiff first argues that defendants produced no evidence of lack of malice. **HN4**[↑] Defendants' silence, however, will not suffice as "proof" to withstand a motion for summary judgment. *See Celotex Corp. v. Catrett, 477 U.S. 317 (1986)*. This court agrees with the district court that defendants' refusal to retract the statement does not show malice. *New York Times, 376 U.S. at 286*. Plaintiff's only testimony at his deposition on this issue was that prior to the article's publication he spoke to Sharon Novotne, the writer of the article, and told her that he was never jailed in Houston. Plaintiff, however, did not produce any evidence of the investigation of the story or lack thereof, or any other evidence of actual malice by the defendants. **HN5**[↑] The mere rejection of plaintiff's version of events, standing alone, is not sufficient circumstantial **[*7]** evidence to support a reasonable jury finding that plaintiff has shown actual malice by clear and convincing evidence.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.

---

**End of Document**