

**FILED**

*3:00 pm, 1/15/21*

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

ERIK PRINCE,

      Plaintiff,

v.

THE INTERCEPT, et al.,

      Defendants.

Case No.  20-CV-84-ABJ

---

## ORDER OF DISMISSAL

THIS MATTER comes before the Court on Defendants' Motion to Dismiss. ECF Nos. 18 & 19. After reviewing the parties' submissions, the applicable law, and being fully advised, the Court finds that the Motion to Dismiss should be **GRANTED** and the case should be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over Defendants.

### BACKGROUND

This case arises out of a news article regarding Erik Prince and his alleged ties to a Russian mercenary firm. ECF No. 1. The article details an alleged meeting between Mr. Prince and a top official of Russia's Wagner Group, where Mr. Prince allegedly offered his forces to support the Group's operations in Libya and Mozambique. *Id.* at 1-2. The group was sanctioned by the Office of Foreign Assets Control. *Id.* at 4. So, Mr. Prince believes the article accuses him of violating the sanction by offering to help the group. *Id.*

1

Mr. Prince is Plaintiff in this case; he filed suit alleging defamation per se and defamation per quod, requesting an award of damages and injunctive and declaratory relief. *Id.* at 22-28. The Intercept, First Look Media Works, Inc. ("First Look"), Matthew Cole, and Alex Emmons are Defendants in this case. *Id.* at 6-7. The Intercept is an online news publication, which published the allegedly defamatory article. *Id.* at 6-7. It is owned by First Look. *Id.* Both companies have their principal place of business in New York; First Look is incorporated in Delaware. *Id.* at 7. Mr. Cole and Mr. Emmons are both reporters for The Intercept and co-authored the allegedly defamatory article. *Id.*

In his Complaint, Mr. Prince claims this Court has personal jurisdiction over all Defendants because there were sufficient minimum contacts between Defendants and Wyoming, and Defendants could reasonably anticipate being haled into court in Wyoming because of their acts or omissions, which this suit arises out of. *Id.* at 8. However, Defendants filed a Motion to Dismiss on August 3, 2020, arguing, in part, that personal jurisdiction is lacking. ECF Nos. 18 & 19. Plaintiff responded on September 16, 2020, and Defendants replied on September 23, 2020. ECF Nos. 23 & 25. The Court wanted to give the parties an additional opportunity to address transfer and jurisdictional discovery, as it had not been fully briefed already. So, the Court requested additional briefing on these issues in lieu of a hearing, and the parties filed further arguments on November 30, 2020, and December 14, 2020. ECF Nos. 28 & 29.

## STANDARDS OF REVIEW

Defendants filed their Motion to Dismiss, in part, under Rule 12(b)(2) for lack of personal jurisdiction. ECF No. 19 at 8. "The plaintiff bears the burden of establishing

personal jurisdiction." *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995).

But the plaintiff need only make a prima facie showing of personal jurisdiction if the

district court chooses to resolve the motion on the basis of the complaint and affidavits.[1]

*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). The

plaintiff can make this showing by alleging, "via affidavit or other written materials, facts

that if true would support jurisdiction over the defendant." *AST Sports Sci., Inc. v. CLF

Distribution, Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). The Court must assume as true

all well-pleaded facts in the complaint and resolve all factual disputes in the plaintiff's

favor. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir.

2008).

Defendants also filed their Motion to Dismiss under Rule 12(b)(6). ECF No. 19 at

8. In *Ashcroft v. Iqbal*, the Supreme Court articulated an approach for district courts to use

when considering a motion to dismiss under Rule 12(b)(6). *See* 556 U.S. 662 (2009). The

Court has stated "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

at 678.

"When there are well-pleaded factual allegations, a court should assume their

veracity." *Id.* at 679.   Further, a complaint must establish more than a mere possibility the

defendant acted unlawfully, but the complaint does not need to establish the defendant

probably acted unlawfully. *See id.* "Determining whether a complaint states a plausible

---

[1] The Court will be considering the Motion to Dismiss on the basis of the Complaint and affidavits.

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In reviewing this Motion, the Court may consider documents "referred to in the complaint" that are "central to the plaintiff's claim," if the parties do not dispute its authenticity. *Jacobsen v. Deseret Brook Co.*, 287 F.3d 936, 941 (10th Cir. 2002).[2]

## DISCUSSION

### A. Arguments

Defendants first argue this Court does not have personal jurisdiction over them. ECF No. 19 at 15. They claim general jurisdiction is not present here because Defendants do not have property, bank accounts, or employees in Wyoming; further, they do not advertise or market toward Wyoming citizens and their articles are directed at national and international news, not Wyoming news. *Id.* at 16-17. First Look is a Delaware company with its principal place of business in New York. *Id.* at 16. The individual Defendants, Mr. Cole and Mr. Emmons, are citizens of New York and Washington, D.C. respectively, with no meaningful ties to Wyoming; accordingly, Defendants believe general jurisdiction is lacking. *Id.* at 17.

Personal jurisdiction can also be found through specific jurisdiction, but Defendants claim this is not present either. *Id.* They claim The Intercept directs its articles at a worldwide audience, not Wyoming residents specifically. *Id.* at 18. The article in question does not say anything about Wyoming or where Mr. Prince resides, and the co-authors claim they did not travel to Wyoming or contact anyone in Wyoming for the article. *Id.* at

---

[2] In this case, the article that is the subject of the defamation claim.

18-19. According to Defendants, Wyoming was not the focal point of the article. ECF No. 25 at 8.

In addition to the personal jurisdiction argument, Defendants believe Mr. Prince's Complaint fails to state a claim on which relief can be granted. ECF No. 19 at 20. First, they claim the article is not defamatory as a matter of law because it does not imply Mr. Prince engaged in treason or illegality; it merely raises concerns about Mr. Prince's conflicts of interest. *Id.* at 13, 22. Further, Defendants claim they did not intend nor endorse these meanings. *Id.* at 23. If the Court disagrees with these arguments, Defendants still believe the claim should be dismissed because the statements in the article constitute opinion based on disclosed facts. *Id.* at 23. Portions of the article reference experts giving their opinions on Mr. Prince's actions and these experts set forth the bases of their opinions, so Defendants do not believe the article constitutes defamation. *Id.* at 24-25.

Lastly, Defendants do not believe Mr. Prince properly pled actual malice, as required because they categorize him as a limited purpose public figure. *Id.* at 25-27. They claim Mr. Prince is a limited purpose public figure because of the public controversy over the use of military contractors, which was created because of Mr. Prince and his former company, Blackwater. *Id.* at 27-28. Further, Defendants believe he has injected himself into this public controversy through his interviews and his opinion pieces in newspapers. *Id.* at 28. Mr. Prince alleges Defendants have a history of biased reporting against him; that Mr. Prince told them the statements were false, but they avoided the truth by refusing to engage with him; and Defendants only relied on unnamed confidential sources. *Id.* at 30-32. Defendants do not believe this constitutes actual malice because they first sought

comment from Mr. Prince before publishing, his claim the statements were false is not enough to alert a reporter of potential error, and relying on unverified sources is not a basis for actual malice. *Id.* at 31.

Mr. Prince believes personal jurisdiction is present because Defendants wrote the article about a Wyoming resident, the article is about Wyoming-based business activities, and Defendants knew the article would cause harm in Wyoming. ECF No. 23 at 6. Further, The Intercept is published in Wyoming and solicits money from Wyoming residents, which Mr. Prince contends is sufficient for personal jurisdiction. *Id.* at 13. Although Defendants claim they did not direct their actions at any state, Plaintiff argues they conceded there is no other acceptable forum. *Id.* at 12.

In response to the argument regarding failure to state a claim, Mr. Prince argues the article is defamatory per se because it accuses him of illegal and traitorous conduct, which exposes him to public hatred and discredits his business. *Id.* at 17-18. The article is based on express false statements of fact, not implications, according to Mr. Prince. *Id.* at 20. Further, the statements are not opinion because they are capable of being proven false, and his suit is not based on the opinions offered by experts. *Id.* at 21-22.

Lastly, Mr. Prince argues he has properly pled the requisite degree of fault because he is not a public figure, and even if he were, he has properly alleged knowledge of falsity or recklessness. *Id.* at 22-23. Mr. Prince claims the controversy at issue here was created by Defendants and their article, so he did not willingly participate in it. *Id.* at 23-24. He characterizes the controversy as being about his alleged violation of sanctions with Russsia's mercenary group, not the use of military contractors overseas. *Id.* at 24. Further,

Mr. Prince does not believe his interviews and media coverage are enough to show he injected himself into the controversy. *Id.* at 25-26. Nonetheless, if he is required to plead actual malice, Mr. Prince claims he did so because his status as a former Navy SEAL officer and advisor to presidents both make it improbable he would act contrary to the interests of the United States. *Id.* at 27. None of Defendants' sources would go on the record, so Mr. Prince believes Defendants should have doubted the validity of the information. *Id.* By refusing to confirm the allegations with Mr. Prince, he claims Defendants acted with actual malice. *Id.* at 28-29.

In the alternative, Mr. Prince requested this Court either permit jurisdictional discovery or transfer the case if necessary, rather than dismiss it. *Id.* at 30. The Court requested additional briefing on these matters, in lieu of a hearing, as neither party made definitive arguments regarding the issues. ECF No. 27. In response to the Court's order, Plaintiff argues Defendants have waived any objections to jurisdictional discovery or transfer because they did not address these issues in their reply. ECF No. 28 at 6. If the Court does not find Defendants waived their objections, Mr. Prince still urges the Court to permit jurisdictional discovery because the facts relevant to the jurisdictional analysis are controverted and are within Defendants' exclusive control. *Id.* at 8.

Mr. Prince wants information regarding: where and when Defendants contend the meetings with the Russian mercenary group occurred, the location of their sources, their knowledge of his presence and activities in Wyoming, and their assertion they did not intend to target Wyoming. *Id.* at 9. Where and when the meetings occurred is the focal point of the story according to Mr. Prince, so he requests discovery on this issue to assert

personal jurisdiction. *Id.* Mr. Prince also claims it is plausible some or all of Defendants'
sources were located in Wyoming, so he argues this is relevant to a jurisdictional analysis.
*Id.* at 10. Mr. Prince further argues Defendants' knowledge and belief about his residence
is relevant to jurisdiction because it can show whether they acted with knowledge the brunt
of the injury would be felt in Wyoming, and this issue is controverted. *Id.* at 12. He does
not believe Defendants' intentions are relevant, but he requests discovery on this matter if
the Court believes it is relevant because he questions the credibility of Defendants'
statements in their affidavits. *Id.* at 10.

   If the Court denies jurisdictional discovery, Mr. Prince requests a transfer to the
Southern District of New York because First Look is headquartered there, Mr. Cole is a
resident there, and the lawsuit arose directly out of Mr. Emmons's contacts with New York.
*Id.* at 16-17. He believes venue would be proper there because the article was written from
New York and Defendants are subject to personal jurisdiction there. *Id.* at 17-18.
Ultimately, Mr. Prince claims transfer is in the interest of justice because his claims have
merit, he filed the suit in good faith, and it would lead to a more speedy and inexpensive
determination for the parties. *Id.* at 18-19.

   In response, Defendants claim Mr. Prince is not entitled to jurisdictional discovery
because he cannot show prejudice or a legal entitlement to it. ECF No. 29 at 6-7. They
argue the location of the meetings is not relevant because the article targeted the meeting
itself, not the location of the meeting. *Id.* at 7. Further, the location of the sources for the
article is irrelevant, and Defendants have sworn they did not use sources from Wyoming.
*Id.* at 9-10. Lastly, Defendants do not believe it is relevant whether they knew where Mr.

Prince lived and worked, but even if it was, they stated they did not know Mr. Prince lived in Wyoming in sworn affidavits. *Id.* at 11. Ultimately, they do not believe any of the requested discovery is relevant to the jurisdictional question. *Id.* at 12.

Defendants likewise do not believe transfer is in the interest of justice. *Id.* First, they explain the action would not be time-barred if Mr. Prince brought it in another jurisdiction. *Id.* at 13. Second, they assert the claims do not have merit because the article is not defamatory, the allegations are opinion, and Mr. Prince cannot plead actual malice. *Id.* Defendants are neutral on whether the suit was filed in good faith but do believe the suit was filed to obtain the identity of the confidential sources. *Id.* at 14. Lastly, they argue the case is in its early stages, so judicial economy would not be served by transfer. *Id.*

## B. Personal Jurisdiction: General Jurisdiction

The Court must first address the issue of personal jurisdiction "[b]ecause a court without jurisdiction over the parties cannot render a valid judgment." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1090 (10th Cir. 1998). In order to object to personal jurisdiction, the defendant must raise the issue in its first responsive pleading or by motion before the responsive pleading. *U.S. v. 51 Pieces of Real Property Roswell, N.M.,* 17 F.3d 1306, 1314 (10th Cir. 1994). Defendants have raised the issue of personal jurisdiction in their Motion to Dismiss, prior to filing their answer. ECF No. 19. Thus, Defendants have properly raised the issue.

Wyoming courts "may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution." WYO. STAT. ANN. § 5-1-107(a). Due process under the United States Constitution "requires only that in order to subject a defendant to

a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific. *See Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). The Court finds neither general nor specific jurisdiction present over Defendants in this case.

Mr. Prince filed suit against two individual Defendants, Mr. Cole and Mr. Emmons; the Court must determine if general jurisdiction is present over these individuals separate from the corporate Defendants. General jurisdiction for individuals is based on "the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011). According to the affidavits provided by the individual Defendants, Mr. Emmons is a citizen of Washington D.C., and Mr. Cole is a citizen of New York. ECF No. 18-2 at 1, ECF No. 18-3 at 1. Mr. Prince also acknowledged this in his Complaint. ECF No. 1 at 7.

The individual Defendants do not have any ties to Wyoming. Both acknowledge they do not own any property in Wyoming, nor do they have any relatives here. ECF No. 18-2 at 2, ECF No. 18-3 at 2. The individual Defendants have never registered to vote in Wyoming, have not paid taxes here, nor held any bank accounts or investments in the State. *Id.* They have never even traveled to Wyoming before. *Id.* Thus, the Court clearly does not have general jurisdiction over these individuals because they are not domiciled in Wyoming and do not have the necessary "minimum contacts" with the State.

10

Mr. Prince also filed suit against First Look and The Intercept, which are companies. *Id.* at 6-7. The Court must examine general jurisdiction for these Defendants separately from the individual Defendants. A corporation is subject to general jurisdiction when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 at 919. The Court considers four factors when examining general jurisdiction over corporations:

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

*Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 95 (10th Cir. 2012). The Executive Director of Revenue and Operations for First Look dictated information regarding these issues. ECF No. 18-1.

First Look is a non-profit corporation headquartered in New York and incorporated in Delaware; it owns The Intercept. *Id.* at 1. The Intercept has its principal place of business in New York. ECF No. 1 at 4. Defendants do not have a local office in Wyoming and do not have employees here. ECF No. 18-1 at 2. It does not appear Defendants send employees to Wyoming on a regular basis, as they report on national and international issues, not Wyoming news. *Id.* Defendants do not hold themselves out as doing business in Wyoming; they do not advertise here, do not market toward Wyoming residents, and do not have a bank account here. *Id.* Thus, Defendants do not appear to have "continuous and systematic" affiliations with Wyoming.

The Intercept also has a web site for their articles; although the articles are free, they do solicit donations and memberships.[3] ECF No. 18-6 at 5–6. "[G]eneral jurisdiction over a web site that has no intrinsic connection with a forum state requires commercial activity carried on with forum residents in such a sustained manner that it is tantamount to actual physical presence within the state." *Shrader v. Biddinger,* 633 F.3d 1235, 1246 (10th Cir. 2011). Presumably some Wyoming residents read The Intercept, but the site has no intrinsic connection to Wyoming. Although The Intercept seeks donations through memberships, Defendants do not advertise or market toward Wyoming residents. ECF No. 18-1 at 2. The Intercept's financial support, apart from donations, comes from First Look, a non-profit which has no "continuous and systematic" affiliations with Wyoming. ECF No. 18-6 at 5.

Mr. Prince contends The Intercept is published in Wyoming and solicits money from Wyoming residents. ECF No. 23 at 13. However, its publication in Wyoming is not enough alone to subject it to general jurisdiction, there has to be commercial activity "tantamount to actual physical presence." *Shrader,* 633 F.3d at 1246. Wyoming residents may read The Intercept, but this does not equate to the level of commercial activity required for general jurisdiction. Further, Mr. Prince has not made a prima facie showing Defendants solicit money from Wyoming residents; Defendants swore under oath they do not advertise or market toward Wyoming residents. ECF No. 18-1 at 2. Apart from the web site requesting donations from all readers, not Wyoming residents specifically, it is unclear how

---

[3] First Look may have a web site separate from The Intercept's. However, Mr. Prince did not present any arguments regarding First Look's web site and commercial operations, apart from The Intercept. His Complaint only addresses The Intercept's web site, which is owned and operated by First Look. ECF No. 1 at 7. So, the Court confines its analysis to The Intercept's web site.

Defendants solicit money from Wyoming residents. The Intercept may be read by Wyoming residents, but the articles are free online, and Mr. Prince does not allege any other ways in which Defendants solicit money from Wyoming residents.[4] Ultimately, the Court does not believe the companies would be "at home" in a Wyoming court because they lack sufficient contacts with the State.

### C. Personal Jurisdiction: Specific Jurisdiction

Turning now to specific jurisdiction, the Court ultimately does not believe it has personal jurisdiction over any of the Defendants. When examining specific jurisdiction the Court looks at "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher,* 722 F.3d 1257, 1264 (10th Cir. 2013). Online defamatory postings must be "directed specifically at a forum state audience or otherwise make the forum state the focal point of the message." *Shrader*, 633 F.3d. at 1244. Ultimately, the Court is looking for intentional activity directed at the forum state, not the passive placement of information on a site that is also accessible in the forum state. *Id.* at 1240-41.

Here, Defendants did not direct the article at Wyoming residents or make Wyoming the focal point of the article.[5] The subject matter is national security and international

---

[4] The Court notes Mr. Prince did not request jurisdictional discovery regarding whether any Wyoming residents donate to The Intercept or are members. He also did not request discovery regarding readership or publication in Wyoming. So, the Court analyzed these matters solely on the information it was provided.

[5] Because Defendants do not contend their actions were directed at any state in particular, Mr. Prince believes they have conceded the jurisdictional objections. ECF No. 23 at 12. This argument presumes Defendants had to direct their

relations, which are clearly issues of concern to a national and worldwide audience, not a Wyoming audience specifically. There is no mention of Wyoming in the article, nor are there any implications that it may have been a location where the alleged meetings took place or where Mr. Prince conducted business. Defendants have sworn under oath they did not have any contact with anyone in Wyoming for this article, which is further evidence the article has no connection to Wyoming or its residents. ECF Nos. 18-1, 18-2, & 18-3. This appears to be a situation where Defendants' internet activity is passive because the article was merely available for reading in Wyoming but was not intentionally directed at Wyoming. Such passive activity does not support personal jurisdiction. *See Shrader,* 633 F.3d at 1240.

Mr. Prince opposes dismissal arguing he pled the requisite elements required for purposeful direction. ECF No. 23 at 13. The elements regarding purposeful direction include: "(1) an intentional action; (2) expressly aimed at the forum state; and (3) with knowledge that the brunt of the injury would be felt in the forum state." *Dental Dynamics, LLC v. Jolly Dental Group, LLC,* 946 F.3d 1223, 1231 (10th Cir. 2020). Mr. Prince claims the intentional act prong is not disputed because Defendants do not deny publishing the article. ECF No. 23 at 13. In his Complaint, he alleged the article was expressly aimed at Wyoming because it was about a Wyoming resident and his activities in Wyoming. ECF No. 1 at 17. Further, Mr. Prince alleged Defendants knew he lived in Wyoming and conducted his business from there, so they knew the brunt of the injury would be felt in

---

article at one state in particular, which is not necessarily true. Defendants could still be haled into court where they are domiciled and have their principal place of business. Further, Defendants did not waive the personal jurisdiction issue because they are currently raising the issue in this Motion to Dismiss, as required.

Wyoming. *Id.* Despite these allegations, Mr. Prince has not made a prima facie showing of personal jurisdiction.

First, Mr. Prince has not shown the article was expressly aimed at Wyoming. While, he claims the article is about his activities in Wyoming, Mr. Prince acknowledges he does not know where the alleged meetings at issue in the article took place. ECF No. 23 at 12, ECF No. 28 at 9. Just because he may conduct some business in Wyoming, does not mean the article is about his activities in Wyoming.

Second, even if the article is about a Wyoming resident, the Tenth Circuit takes a more restrictive approach to personal jurisdiction, requiring the forum state itself to be the focal point of the article. *Shrader,* 633 F.3d at 1244. To prove the article was expressly aimed at Wyoming, Mr. Prince would have to allege more than his residence in Wyoming. As discussed above, the focal point of the article is not Wyoming, as it is neither referenced nor implied in the text, and his residential status does not change this conclusion. The article was also not directed at a Wyoming audience; it addresses concerns of importance to a national audience, not a Wyoming audience specifically. Even if Defendants knew Mr. Prince resided in Wyoming and conducted activities in Wyoming, the article was still not expressly aimed at a Wyoming audience.[6] Since the Court finds Mr. Prince has not shown the article was expressly aimed at Wyoming, it need not address the other elements of purposeful direction.

---

[6] One of The Intercept's previous articles referenced Mr. Prince's Wyoming home and included pictures of the property, discussing alleged business activities. ECF No. 23-1 at 2. So, the Court presumes Defendants at least knew Mr. Prince had a residence in Wyoming.

While, Mr. Prince need only make a prima facie showing of personal jurisdiction,
he has not done so. Defendants do not have the necessary "minimum contacts" with
Wyoming to support personal jurisdiction. Further, Defendants did not purposefully direct
their actions at Wyoming or its residents. Because the Court finds personal jurisdiction is
lacking, it will not address Defendants' arguments regarding failure to state a claim; it does
not have jurisdiction to issue a judgment regarding those issues. *See OMI Holdings, Inc.,*
149 F.3d at 1090.

**D. Jurisdictional Discovery**

In the event the Court found personal jurisdiction lacking, Mr. Prince requested
jurisdictional discovery occur first, so the Court will now address his request.[7] ECF No. 23
at 30. District courts have broad discretion over discovery issues, including those involving
jurisdiction. *See Budde v. Ling-Temco-Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975).
However, the Court cannot deny a jurisdictional discovery request when the denial
prejudices the party seeking discovery. *Dutcher v. Matheson,* 840 F.3d 1183, 1195 (10th
Cir. 2016). Prejudice exists when "pertinent facts bearing on the question of jurisdiction
are controverted … or where a more satisfactory showing of the facts is necessary." *Sizova
v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1326 (10th Cir. 2002). The burden is
on the person requesting discovery, in this case Mr. Prince. *See Breakthrough Mgmt. Grp.,
Inc. v. Chukchansi Gold Casino and Resort,* 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

---

[7] At the outset, Mr. Prince argues Defendants waived any objections to jurisdictional discovery because they did not
address the issues in their reply. ECF No. 28 at 6. The Court does not feel the need to fully address this argument, as
it is frivolous. The burden was on Mr. Prince to prove jurisdictional discovery is proper; Defendants were not obligated
to provide arguments regarding this issue. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort,*
629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

Ultimately, the Court does not believe Mr. Prince is entitled to jurisdictional discovery because the information he requests would not impact the Court's decision regarding lack of personal jurisdiction and he has not shown, beyond speculation, that the information he requests would change the Court's decision.

First, Mr. Prince requests discovery regarding the location of the alleged meetings. ECF No. 28 at 9. In order to show Defendants purposefully directed their actions at Wyoming, Mr. Prince needed to either show that Wyoming is the focal point of the article or the article was expressly aimed at Wyoming residents. *See Shrader*, 633 F.3d at 1244. The location of the alleged meetings would not change the fact the focal point of the article is not Wyoming; Wyoming was never expressly or impliedly referenced in the article. It also would not change the conclusion the article was not expressly aimed at Wyoming residents; the article addresses matters of concern to a national audience, not just Wyoming residents. Ultimately, it is hard to see how Mr. Prince could prove Defendants aimed the article at a Wyoming audience without even referencing the State, regardless of the location of the alleged meetings.

Likewise, the Court cannot allow jurisdictional discovery regarding the location of Defendants' sources. Mr. Prince claims he is entitled to jurisdictional discovery on the location of Defendants' sources because of his extensive ties to Wyoming, making it plausible that some or all the sources came from Wyoming. ECF No. 28 at 10. This is pure speculation, which is insufficient as a matter of law. *See Dental Dynamics, LLC*, 946 at 1234. Defendants swore under oath none of their sources were from Wyoming. ECF Nos. 18-1, 18-2, & 18-3. Mr. Prince argues the Court should not take Defendants' word at face

value because The Intercept "has a history of irresponsible journalism," relying on their previous corrections and retractions. ECF No. 28 at 10. These circumstances are irrelevant here. Mr. Prince has no argument to question the credibility of Defendants' statements, beyond pure speculation. In light of the lacking foundation for this jurisdictional request, the Court finds it would be improper to put the identity of Defendants' confidential sources at risk through the disclosure of their location.

Mr. Prince also requests discovery regarding Defendants' knowledge of his presence in Wyoming. ECF No. 28 at 12. He claims Defendants' knowledge of his residence is relevant to whether they acted with knowledge the brunt of the injury would be felt in Wyoming. *Id.* This is only one element Mr. Prince needed to show to argue Defendants purposefully directed their article at Wyoming, and, as discussed earlier, Mr. Prince's Complaint already fails to show Defendants expressly aimed their article at Wyoming. The standard in the Tenth Circuit is not whether Defendants knowingly target a forum resident, it is whether the forum itself is the focal point of the article. *See Shrader,* 633 F.3d at 1244. Therefore, discovery regarding Defendants' knowledge would be useless even if it goes to the element regarding the brunt of the injury because it would not help Mr. Prince prove Defendants expressly aimed the article at Wyoming, which he has failed to do thus far.

Even if Mr. Prince were able to obtain further discovery proving Defendants knew his primary residence was in Wyoming and it is where he conducts a majority of his business, this would not necessarily prove they knew the brunt of the injury would be felt in Wyoming. Mr. Prince has not alleged any customers or business associates are Wyoming

18

residents, such that the brunt of the injury would be felt in Wyoming. Further, he has not alleged any other harm flowing from the article to Wyoming directly. He does not appear to suffer a unique harm in Wyoming, like that which the United States Supreme Court envisioned in *Calder v. Jones*. *See* 465 U.S. 783, 789 (1984) (finding the "effects" of the defendants' conduct caused the plaintiff harm to her professional reputation in the forum state specifically). In *Calder* the plaintiff was an actress, whose television career was centered in the forum state. *Id.* at 788. Here, Mr. Prince may conduct some business in Wyoming, but it does not appear his career is centered in Wyoming, as he travels frequently. ECF No. 23-1 at 1. Thus, discovery regarding knowledge of his residence would be immaterial.

Mr. Prince further requests this Court enable him to probe Defendants' intentions not to target Wyoming and their credibility. ECF No. 28 at 13. He claims it is not legally relevant whether Defendants intended to target Wyoming, but also requests discovery on the matter. ECF No. 28 at 14. While the Court disagrees with this characterization, Defendants stated they did not intend to target Wyoming and there is no indication otherwise. ECF Nos. 18-1, 18-2, & 18-3. Mr. Prince finds these statements uncredible because of Defendants previous retractions and corrections; but when looking at the article and the affidavits, there is no indication Defendants intended to target Wyoming. Just because Defendants knew Mr. Prince had a residence in Wyoming, does not mean they intended to target Wyoming through the article. Rather, it appears they did not target any state audience in particular.

Further, there is no reason to question Defendants' credibility simply because of their previous editorial corrections and retractions. Mr. Prince is purely speculating Defendants may be mischaracterizing their intentions and knowledge, which is an insufficient basis for a jurisdictional discovery request. *See Dental Dynamics, LLC*, 946 at 1234.

Discovery regarding the credibility about Defendants' statements regarding their knowledge is also unnecessary because, as discussed previously, it does not matter what Defendants knew. Even if they knew Mr. Prince lived in Wyoming, Mr. Prince still cannot show Defendants expressly aimed the article at a Wyoming audience or made Wyoming the focal point of the article. Thus, all of Mr. Prince's discovery requests must be denied, as Mr. Prince has not met his burden in proving prejudice beyond mere speculation, and the majority of his requests would not change this Court's decision regarding personal jurisdiction.

**E. Transfer**

Because the Court has found it does not have personal jurisdiction over Defendants and also rejected Mr. Prince's requests for jurisdictional discovery, it will now reach the issue of transfer.[8] If a federal court determines it lacks jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action … could have been brought at the time it was filed or noticed."

---

[8] Again, Mr. Prince raises the argument Defendants have waived any objection to transfer since they did not address it in their reply brief. ECF No. 28 at 6. However, it is the Court's responsibility to determine whether transfer would be in the interest of justice when it determines it lacks jurisdiction. 28 U.S.C. § 1631. Regardless, of Defendants' failure to respond to this argument, the Court still had a responsibility to determine if the requested relief of transfer was warranted.

28 U.S.C. § 1631. Although the statute contains the word "shall," this Court still has discretion in granting transfer because it must be "in the interest of justice." *Grynberg,* 490 F.App'x at 105.

First, the Court must determine whether the proposed transferee court has personal jurisdiction over the defendants. *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 793 n.16 (10th Cir. 1998). Mr. Prince claims this action could have been filed in the Southern District of New York. ECF No. 28 at 16. Defendants do not dispute that New York courts have jurisdiction over them. ECF No. 29 at 9. However, the Court does not believe transfer is in the interest of justice, so it will dismiss Mr. Prince's complaint for lack of personal jurisdiction.

The Tenth Circuit has provided factors for the Court to consider when determining whether transfer is in the interest of justice; they include: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if … it was clear at the time of filing that the court lacked the requisite jurisdiction." *Grynberg,* 490 F.App'x at 105. Balancing these factors, the Court does not believe transfer is in the interest of justice.

First, this action would not be time-barred if Mr. Prince filed it in New York. Mr. Prince concedes his claims would be timely if he were to refile them in New York by April 13, 2021, which is one year after Defendants posted the article. ECF No. 28 at 18. Thus, Mr. Prince would have approximately three months to file in New York if he chooses to do so. It should also be noted that Mr. Prince already has counsel in New York, who has

been participating in this case; thus, further reducing the potential difficulty Mr. Prince would face if he were to refile.

Second, without taking a position on Mr. Prince's claims in the event he does refile in New York, the Court believes Mr. Prince may have difficulty in proving the merits of his claims. The parties clearly dispute whether Mr. Prince is a public figure, thus disputing whether he needs to prove actual malice. ECF Nos. 19 & 23. The Court did not rule on any of the issues regarding the elements of Mr. Prince's defamation claim, and will not do so, but in balancing the factors relevant to transfer, there are concerns regarding the merits of Mr. Prince's claims in light of the degree of fault required in defamation cases.

Lastly, the Court has questions regarding whether the suit was filed in good faith. Mr. Prince claims he filed suit in Wyoming in good faith because it was his home and primary place of business; further, he claims he knew nothing about Defendants' newsgathering process. ECF No. 28 at 19. In terms of general jurisdiction, the Court wonders why Mr. Prince believed this Court would have personal jurisdiction over Defendants. His Complaint clearly listed all Defendants and included their residences and principal places of business. ECF No. 1 at 6-7. Mr. Prince knew the Defendant companies were located in New York and also knew the individual Defendants were not residents of Wyoming. *Id.* Giving Mr. Prince the benefit of the doubt, he was likely unaware of Defendants' "minimum contacts" with Wyoming, however. In terms of specific jurisdiction, it is difficult to question Mr. Prince's good faith, as it was not abundantly clear at the time he filed suit whether Defendants purposefully directed their actions here. On balance, the Court finds this factor cuts against Mr. Prince because he had at least some

indication Wyoming may not have jurisdiction, and he knew that New York was a possible forum but filed here anyway.

The three factors listed above are non-exclusive, and other courts have also considered judicial economy and prejudice when determining whether transfer is proper. *See Grynberg,* 490 Fed.App'x at 109. In terms of judicial economy, this case is still in its early stages; no discovery has been conducted and little pleading has occurred. Little action will need to be repeated in New York if Mr. Prince refiles there; so, the Court does not find transfer would be necessary to afford judicial economy. Further, Mr. Prince would appear to suffer little prejudice if the case is dismissed instead of transferred. While he may have to pay an additional filing fee, he already has New York counsel, and a complaint drafted. Refiling in New York would require minimal effort on Mr. Prince's part, and he would only suffer the minimal cost of refiling. Thus, the Court finds transfer is improper.

Because the Court does not have personal jurisdiction over Defendants, will not permit jurisdictional discovery, and will not transfer the case, this matter is dismissed.

### CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** Defendant's Motion to Dismiss (ECF Nos. 18 & 19) is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over Defendants.

Dated this ___15___ day of January, 2021.

Alan B. Johnson
United States District Judge

23